UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.1:07-CR-56-TS |
| | ) | |
| TITORIAN O. WEBB | ) | |

**MEMORANDUM**

This matter was before the Court on the government's Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence Pursuant to Rule 404(b) [DE 25], filed on October 1, 2007, and on the Defendant's objections to the government's Notice made in court on October 17 and 18, 2007. The government sought to admit Exhibit 60, a certified copy of the judgment of the Defendant's conviction for Dealing in Cocaine in Allen County Superior Court on March 11, 1996, for the purpose of showing intent and absence of mistake or accident. The Defendant objected. The Court denied the Defendant's objection during the trial on October 17 and 18, 2007, for reasons stated of record. This memorandum further explains the ruling.

**BACKGROUND**

The Defendant was charged with three Counts of knowingly and intentionally possessing with intent to distribute a controlled substance, specifically: in Count One, 500 grams or more of cocaine; in Count Two, less than 50 kilograms of marijuana; and, in Count Three, 3, 4-methylenedioxymethampheamine (MDMA, or "Ecstasy").

In support of these charges, the Government submits that members of the Fort Wayne Police Department executed a search warrant on the residence located at 8929 Brockport Run, Fort Wayne,

Indiana. As police approached the house, the Defendant, wearing weight lifting apparel, was starting a vehicle in the driveway. When police searched the home, they found in the home and in the basement cocaine, marijuana, and Ecstasy as well as cash.

## ANALYSIS

Federal Rule of Evidence 404(b) provides, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). The Seventh Circuit has articulated a four-prong test for admissibility of Rule 404(b) evidence, which requires a court to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. Puckett*, 405 F.3d 589, 596 (7th Cir. 2005); *see also United States v. Denberg*, 212 F.3d 987, 992–93 (7th Cir. 2000).

**A. Establishing a Matter Other Than the Defendant's Propensity**

To sustain a conviction on the charges of possession with intent to distribute cocaine, marijuana, and Ecstasy, the government must establish that the Defendant knowingly or intentionally possessed those drugs, with the intent to deliver them to another person, and that he knew the substances were some kind of prohibited drugs. *See Lanier v. United States*, 220 F.3d 833,

2

840 (7th Cir. 2000). To convict a defendant in criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991); *United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001). The Seventh Circuit "has recognized several situations in which a prior drug conviction is relevant to prove the defendant's intent in a subsequent prosecution for possession of drugs with intent to distribute." *United States v. Hurn*, 496 F.3d 784, 787 (7th Cir. 2007). "A prior conviction is . . . relevant when the defendant concedes being in the vicinity of drug activity but argues that he was a 'clueless bystander.'" *Id.* (citing *United States v. Chavis*, 429 F.3d 662, 668 (7th Cir. 2005) (defendant claimed he was in the wrong place at the wrong time) and *United States v. Macedo*, 406 F.3d 778, 793 (7th Cir. 2005) (defendant claimed he was at the scene of the crime "by happenstance")). "The prior convictions cannot substitute for direct evidence of guilt, but they may be used by the jury as one piece of the government's case." *United States v. Jones*, 389 F.3d 753, 757 (7th Cir. 2004).

In this case, the Defendant sought to downplay his connection to the Brockport Run residence and the home's basement, pointing the finger at Kelle Hartman, the tenant of that home. Hartman testified against the Defendant and pled guilty to one of two charges in the Indictment against her, an indictment that arose from the same search that led to the Defendant's arrest and indictment. In *Hurn*, admission of a prior conviction during a trial for possession of cocaine with intent to distribute was "highly probative because it went directly to Hurn's intent to distribute, which he 'made an issue in the case by denying any connection to the drugs.'" *Hurn*, 496 F.3d at 788 (quoting *Chavis*, 429 F.3d at 669, for the same proposition after affirming the admission of a prior drug conviction in a possession with intent to distribute case). In *United States v. Mallett*, 496

3

F.3d 798 (7th Cir. 2007), the defendant shared a home with others who also sold drugs, so admission of prior cocaine sales in a trial for, inter alia, possessing with intent to distribute crack cocaine was probative of the defendant's intent. *Id.* at 802. In this case, the Defendant also tried to distance himself from the drugs found in the basement of the house he was staying in. Like *Mallett*, the Defendant in this case shared this residence with another person, Kelle Hartman, who admitted selling drugs from the home. The Defendant's intent is at issue. Accordingly, the prior conviction for Dealing in Cocaine is probative and relevant to the Defendant's intent. Admission of the Defendant's prior conviction for Dealing in Cocaine supports the government's allegation that the Defendant intended to distribute the drugs found in the basement. This satisfies the first prong of the test.

**B. Relevance**

The second prong, requiring similarity and closeness in time between the prior conviction and the charged offense, "need not be unduly rigid." *United States v. Lloyd*, 71 F.3d 1256, 1264 (7th Cir. 1995). When the prior conviction is for conduct similar to the charged offense, the Seventh Circuit has affirmed admission of the prior conviction when the amount of time, for example, was thirteen years, *United States v. Wimberly*, 60 F.3d 281, 285 (7th Cir. 1995), nine years, *Macedo*, 406 F.3d at 793, and ten years, *Hurn*, 496 F.3d at 788. The Defendant in this case did not argue that the prior conviction for Dealing in Cocaine is not similar to the charged offenses of possession with intent to distribute cocaine, marijuana, and Ecstasy. The Defendant did argue that the 11-year-old conviction was too old, especially in light of the government's other evidence. No legal basis was provided for a claim that the relevancy prong of the 404(b) test is affected by the amount or strength

4

of the government's other evidence. Given that the similarity of the prior conviction is not challenged and that comparably aged convictions have been held admissible, the Court finds that the prior conviction "was not too remote" to be admitted in this case. *Hurn*, 496 F.3d at 788.

### C. Sufficiency of Evidence

The third prong calls requires "only . . . sufficient evidence to support a finding by the jury that [the defendant] committed the similar act." *Mallett*, 496 F.3d at 803. The government presented a certified copy of the judgment of conviction from Allen County Superior Court. The Defendant did not contest this third prong of the 404(b) test. There is no colorable dispute that the Defendant committed the prior act. Therefore, this prong is satisfied.

### D. Balancing of Probative Value and Danger of Unfair Prejudice

The last requirement for admission of 404(b) evidence is that its probative value not be substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *United States v. Jones*, 248 F.3d 671, 676 (7th Cir. 2001). A jury is presumed to obey a judge's limiting instruction about the purpose of admitting evidence, and a defendant must rebut that "or demonstrate that the jury decided the case on any improper grounds." *Chavis*, 429 F.3d 662, 669 (7th Cir. 2005).

The Court has already determined for the first prong that the prior conviction is probative to the issue of intent in this case. As for any prejudice, the Court read a specific limiting instruction to the jury at the time the certified copy of the judgment was admitted into evidence at the end of the government's case in chief. The Court also included the limiting instruction in its set of final jury

5

instructions. The jury is presumed to have obeyed these instructions, *Hurn*, 496 F.3d at 788 (citing *Chavis*, 429 F.3d at 669), and the Defendant has made no argument that it disregarded the Court's instructions. Therefore, the fourth prong of the 404(b) test is satisfied.

## CONCLUSION

The Court finds that the admission of the Defendant's prior conviction for Dealing in Cocaine was properly admitted under Rule 404(b) for the limited purpose of the Defendant's intent and absence of mistake or accident regarding his possession and intended distribution of cocaine, marijuana, and Ecstasy. For these reasons and those stated on the record on October 17 and 18, 2007, the Defendant's objection was overruled.

DATED October 19, 2007

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT