# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-56-TLS |
| | ) | |
| TITORIAN O. WEBB | ) | |

## OPINION AND ORDER

The Defendant, Titorian O. Webb, requested appointment of counsel to review his case for determination of whether he qualified for a reduction in his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. Although the Court is not authorized to appoint counsel under the Criminal Justice Act for any offender seeking sentence modification under Amendment 782 to the Sentencing Guidelines, the Federal Community Defender's Office volunteered its services and counsel entered an appearance on behalf of the Defendant. However, upon review, counsel determined that it would not be appropriate to file a petition for a reduction, and filed a Notice to the Court [ECF No. 87] and a Motion to Withdraw [ECF No. 88]. Additionally, a United States Probation Officer filed an Addendum to the Presentence Report [ECF No. 89], indicating that the there is no change in the Defendant's Guideline sentence under the retroactive amendments. The Defendant has not responded, and the time for doing so has passed. *See* Order, ECF No. 84 (setting 30 days as the deadline for the Defendant to respond to any motion to withdraw). For the reasons stated below, the Court finds that the Defendant is not eligible for a reduction.

The Defendant was convicted of three counts of possessing with intent to distribute controlled substances. The Court sentenced the Defendant on January 31, 2008. The Defendant's total offense level under the Sentencing Guidelines was 26 and his criminal history category was

VI, resulting in an imprisonment range of 120 to 150 months. The Court sentenced the Defendant to three 120-month sentences, one for each of Count, to run concurrent.

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under this statute, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). The policy statements referenced by § 3582(c)(2) are contained in § 1B1.10 of the Sentencing Guidelines.

A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A). A defendant's amended guideline range is calculated by using the procedures set forth in § 1B1.1(a). *Id.* This would involve first substituting the amended base offense level set forth in the revised drug quantity table and then applying the trumping provisions of § 5G1.1 and § 5G1.2 as appropriate. U.S.S.G. § 1B1.1(a)(8).

Based upon a Criminal History Category of VI and the amended Total Offense Level of

2

24, the new sentencing guideline range is 100 to 120 months. However, pursuant to U.S.S.G. § 5G1.1(c), the sentence may not be less than any statutorily required minimum sentence. Accordingly, the range of imprisonment for Count 1, which is the total punishment for all counts, is 120 to 125 months. *See* 21 U.S.C. § 841(b); U.S.S.G. § 5G1.2(b). Accordingly, the Defendant's sentencing range has not been lowered and the Defendant is not eligible for a reduction under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reasons stated above, the Motion to Withdraw [ECF No. 88] is GRANTED, and the Clerk is DIRECTED to terminate the appearance of attorney Thomas N. O'Malley from this cause.

SO ORDERED on October 14, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT